IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | C/A No. 3:14-4817-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| SC Department of Employment Workforce; | ) | |
| SC Budget and Control Board; Office of South | ) | |
| Carolina Governor, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Clarence B. Jenkins, Jr. ("Plaintiff"), a self-represented litigant, brings this action alleging defamation against the defendants. (ECF No. 1 at 5.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

I.      **Factual and Procedural History**

The Complaint alleges that Plaintiff received "up to ten rejection letters from South Carolina Department of Employment Workforce in a day" despite being qualified for such jobs based on prior work experience. (ECF No. 1 at 4.) Plaintiff asserts that the South Carolina Department of Employment Workforce ("SCDEW") and the Office of the Governor ignored claims made by Plaintiff via email and telephone that he was "possibly being blackball[ed]." (Id.) Plaintiff further alleges that he received telephone calls and an email from the SCDEW directing Plaintiff not to have any contact with the agency based on a false accusation of harassment. (Id.) In July of 2013,

Plaintiff states that he received notification that an application for employment could not be considered because Plaintiff was barred from applying. (Id.) Plaintiff indicates the SCDEW and the South Carolina Budget and Control board later sent notification that Plaintiff's application issues were the result of a system error in July of 2013. (Id.) However, Plaintiff alleges that the defendants' actions were intentional as "determined and documented" by an employee of the South Carolina Human Affairs Commission. (Id.) Thus, Plaintiff seeks damages for "defamation resulting in emotional stress, financial hardship, public and private shame." (Id. at 5.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of



Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.     Analysis**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).



The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. However, the factual allegations contained in the instant Complaint do not fall within the scope of either form of this court's limited jurisdiction. First, "a claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." Burgess v. Charlottesville Sav. and Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.' " Id. (citing Cuyahoga Co. v. Northern Ohio Co., 252 U.S. 388, 397 (1920)). "The mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." Malone v. Gardner, 62 F.2d 15, 18 (4th Cir. 1932). To this end, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). While "detailed factual allegations" are not required, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. A federal court lacks subject matter jurisdiction over a complaint raising claims " 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy.' " See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (citation omitted).

In this case, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not assert that the defendants have violated a federal statute or

constitutional provision. Instead, the Complaint alleges a claim of defamation. "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009). However, when an employee's interest in his reputation is accompanied by some more tangible interest such as loss of employment, the procedural protections of the Due Process Clause may be invoked. See Paul v. Davis, 424 U.S. 693, 701 (1976). In order for a defamatory statement to implicate a protected liberty interest under the Fourteenth Amendment, a communication must imply "the existence of serious character defects such as dishonesty or immorality," and be "made in the course of a discharge or significant demotion" of employment. Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 308-09 (4th Cir. 2006) (internal quotation marks & citations omitted); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 173 n.5 (4th Cir. 1988). However, "no deprivation of a liberty interest occurs when, in the course of defaming a person, a public official solely impairs that person's *future* employment opportunities." Ridpath, 447 F.3d at 309 n.16 (citing Paul, 424 U.S. at 709) (emphasis in original); see also Siegert, 500 U.S. at 233-34.

Here, even if liberally construed to assert the deprivation of a constitutionally protected liberty interest, the Complaint provides no indication that Plaintiff was discharged or demoted from any job because of the defendants' actions, or that the defendants' alleged statements suggested any serious character defect. Because Plaintiff's defamation claim does not implicate a constitutionally protected liberty interest, and no other basis for federal question jurisdiction is apparent from the face of the Complaint, the court lacks subject matter jurisdiction over this matter.

PJG

Next, while a state law claim of defamation could be cognizable in federal court under diversity jurisdiction, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn.13-16 (1978). The court lacks diversity jurisdiction in this case because Plaintiff fails to demonstrate that he and the defendants are citizens of different states. (ECF No. 1 at 2.) In absence of diversity of citizenship, the amount in controversy is irrelevant.

### III. Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 28, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).